MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | | District | |
|---|---|---|---|
| Name *(under which you were convicted)*: RONNIE LEE MCCALL | | | Docket or Case No.: CR-2-13-92 |
| Place of Confinement: United States Penitentiary Tucson | | Prisoner No.: 46763-074 | |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)* Ronnie Lee McCall | |

## MOTION

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court for the Eastern District of Tennessee Greenville

   (b) Criminal docket or case number (if you know): CR-2-13-92

2. (a) Date of the judgment of conviction (if you know): January 14, 2016

   (b) Date of sentencing: June 6, 2016

3. Length of sentence: LIFE

4. Nature of crime (all counts):

   18 U.S.C. §'s 2251A, 2251(a), 2251(b), 2422

5. (a) What was your plea? (Check one)

   (1) Not guilty [XXX] (2) Guilty [ ] (3) Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury [X] Judge only [ ]

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes [ ] No [X]

8. Did you appeal from the judgment of conviction? Yes [X] No [ ]

9. If you did appeal, answer the following:

(a) Name of court: United States Court of Appeals for the Sixth Circuit

(b) Docket or case number (if you know):

(c) Result: AFFIRMED

(d) Date of result (if you know): 6/22/2017

(e) Citation to the case (if you know): 699 Fed Appx 452 (6th Cir 2017)

(f) Grounds raised: Sufficiency oif Evidence

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No XXX

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No XXXX

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______

(2) Docket of case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** 18 U.S.C. § 2251(b) was not proven during trial. It requires Knowledge that the material used to produce was in interstate commerce.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

§ 2251(b) required that the Defendant knew or had reason to know that the materials used to produce the vidual depictions had been shipped in interstate commerce. Even if the Defendant could have know that a Kodak® Digital Camera was used, Kodak® is a United States Company and could be made in any state, including Tennessee. However, the Defendant had no possible way to obtain knowledge of what, if any camera was used (maybe it was a web cam), because no evidence was given to show that the Defendant was present in the same room that the pictures were taken, or that he viewed any pictures. It was never evidenced that any person showed, or reported to the Defendant if even a digital camera were used. Whether the Defendant had knowledge of any pictures does not show he had knowledge what materials were "used to produce the images. The Government DID NOT prove this count, therefore no conviction for this count can stand. Trial counsel and/or Appellate counsel, had they been acting with reasonable competence, would have recognized this fact and would have moved for a dismissal of this count. This Count is prejudicing th Defendant because he has to serve an additional 360 Months.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒ XXX

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate Attorney ignored this count on appeal.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒ XXX

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** 18 U.S.C. § 2251(a) is an unconstitutional act of Congress as it only punishes a State violent felony and not a Commerce of images.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

In 1977, Congress enacted § 2251(a). Originally, until 1984, the crime requiri penuciary gain. Now the Act, based upon the text of the Stature, punished "an person" who "uses" a minor who "engages in sexually explicit activity". The statute the uses the phrase "for the purpose pf producing". This is not the same as the phrase "and produces" or "and produced". The former does not require that any actual image be produced. Without an image produced, there is no Commerce Clause Control over the actual product of child pornography. If there is no product in Commerce to regulate, then the statute is only regulating "sexually explicit conduct" of minors who engage as a result of use. This is a violent crime and is under our Federalist Form of Government a State/People Crime and not under the limited enumerated powers of Congress. Therefore, as § 2251(a) is unconstitutional, it is as no law and to imprison a person under it is illegal.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒ XXX

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate Attorney refused to raise this issue.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒ XX

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______

**GROUND THREE:** The Defendant cannot be GUILTY of § 2251(a)

______

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

18 U.S.C. § 2251(a), requires the person charged to use or have another minor cause a minor to be used, or transport a minor in interstate commerce and such minor engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. At no time was the Defendant evidenced to have been the person who used any minor and then have the minor engage in sexually explicit conduct and then know that such conduct would be captured in a visual depiction. In fact, the transcripts reflect that the Defendant

NEVER had reason to know that the visual depictions were of sexually explicit conduct. The Defendant knew it was "modeling". Even if the Defendant believed they were nude images, nudity alone does not constitute child pornography alone. Even if the Defendant had knowledge that sexual acts were goi on, he had no way to know that images would have been taken of these acts. Sexual activity does not neccesitate images of this activity. Photorgaphs do not necessarily mean child pornography. There is no evidence that the Defendant would have known that child pornography would be produced.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes [ ] No [XX]

(2) If you did not raise this issue in your direct appeal, explain why:

Appellate Attorney refused to raise this issue.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes [ ] No [XX]

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes [ ] No [ ]

(4) Did you appeal from the denial of your motion, petition, or application?

Yes [ ] No [ ]

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes [ ] No [ ]

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** 18 U.S.C. § 2422(b) requires that the charged use a facility of interstate commerce to coerce a minor. The Defendant did not.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Government proported to claim that because David sent a Text to Connie, that this meets this facility of interstate requirement. However, the minor involved never read the text. The text itself was never used to coerce any minor to engage in sexual activity. The text never said "please convince a minor that it is okay to have sex". In fact, according to testimony, the first time, Connie drove the minor to David's and the sexual activity was discussed face to face. Testimony indicates that any coercion was face-to-face and that all the text did was decide on a date and time. It was already assumed by the minors that they were required to have sex for money which had no direct or other relation to any text message. The text could have easily been the same as an alarm clock. There was no evidence that the text itself had any affects of coercion. Therefore no crime under the statute occured.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒ XXX

(2) If you did not raise this issue in your direct appeal, explain why:

My attorneys failed to raise this issue

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒ XXX

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

GROUND FIVE: Appellate Counsel and Trial Counsel were ineffective for failing to raise the MOST meritorious issue, when challenging the Defendant's Conviction for 18 U.S.C. § 2251A

(a) Supporting Facts (Do not argue or cite law...)

18 U.S.C. § 2251A requires that the Defendant have "knowledge that, as a consequence...the minor will be portrayed in a visual depiction engaging in... sexually explicit conduct." The trial and appellate counsel improperly argued that the Defendant was not proven to have knowledge that the visual depictions would be created. The Sixth Circuit confirmed that there was enough evidence for the jury to infer that the Defendant knew that pictures would be taken. However, there was NOT any evidence that the Defendant had "knowledge" that the visual depiction would be of "sexually explicit conduct". In fact, ALL the evidence suggests that the Defendant was NEVER informed of the actual nature of the visual depictions other than the knowledge that the minors were nude or partially clothed. At no time did he know, or have reason to know that sexually explicit conduct, as is required by the definition in § 2256, would be portrayed. The Defendant might have had knowledge that nude modeling pictures were being produced, however, there is no evidence that the Defendant ever saw any of the produced images, nor that any specific images were ever described to the Defendant.

(b) DIRECT APPEAL

(1) I did NOT raise this issue

(2) My attoreneys failed to properly raise this issue

(c) POST CONVICTION

(1) There was never any post-conviction motion.

---

GROUND SIX Under 18 U.S.C. § 2251 et.seq. contains an element that is in violation of the Ninth Amendment and our Federalist Society

(a) Supporting Facts:

In § 2251 et.seq., Congress has included the element "materials used to produce" the visual depiction, has traveled in interstate commerce. Under the Commerce Clause RIGHTS citizens of the United States are given the basic Right to purchase from a borderless and open market. The Ninth Amendment gives citizens the Basic Right to travel from coast to coast with all their earthly belongings as they are given the Basic Right to travel boarder to boarder within their own State. The prior interstate movement of the "materials used to produce" has no bearing on the Commerce (or lack thereof) of the actual images of child pornography. The "materials" did not contain regulated childpornography when in interstate commerce. The "materials" themselves are not individually regulated as are guns, drugs, chemicals, or maybe even child pornography itself. Any independent movement of these "materials" are NOT in any way related to the actual images of child pornogrpahy sought to be proscribed.

(b) DIRECT APPEAL

(1) I did not raise this issue

(2) My Attornies failed to properly raise this issue.

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

I have not raised ANY of these grounds. My trial and appellate attornies refused to adversarily challenge these issues. I was NEVER consulted nor allowed to argue any defense or challenge due to Federal Rules when one has been appointed an attorney. In violation of 28 U.S.C. § 1654, as I was denied any management of my case.

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a) At the preliminary hearing:

Benjamin G. Sharp, 129 West Depot St., Ste.1, Greenville, TN 37743

(b) At the arraignment and plea:

Same

(c) At the trial:

Same with Tim S. Moore, same address

(d) At sentencing:

Same

(e) On appeal:

Same

(f) In any post-conviction proceeding:

In pro per

(g) On appeal from any ruling against you in a post-conviction proceeding:

N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes [XX] No [ ]

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes [ ] No [XXX]

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes [ ] No [ ]

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

Therefore the Movant asks this Court GRANT the following relief:

The Court VACATE all convictions and sentences under these statutes and or GRANT an evidentiary hearing to further develope this Motion and/or any other relief to which Movant may be entitled.

I declare under the penalty of perjury that the foregoing is true and correct and that this motion under 28 U.S.C. § 2255 was placed in the United States Penitentiary Tucson mailing system on 6-13-18.

Executed(signed) on 6-12-18 (date)

Signature of Movant

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

# CERTIFICATE OF SERVICE

I, Ronnie Lee McCall, hereby certify that I have served a true and correct copy of the foregoing:

(Form) Motion pursuant to 28 U.S.C. § 2255 and Memorandum in support of such motion.

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston vs. Lack, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

Clerk of Court
United States District Court
220 W. Depot St., Suite 218
Greenville, TN 37743-4924

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this 13 day of June, 2018

Respectfully Submitted,

R. McCall

REG. NO. 46763-074

Ronnie McCall-46763-074
united States Penitentiary
Po Box 24550 Tucson A.Z.
85734










$4.15

Legal mail

⇔46763-074⇔
Clerk Of The Court For The
U.S. District Court
220 W Depot ST
Suite 218
Greeneville, TN 37743-4924
United States